IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01556-BNB

JENNIFER M. ROSE,

      Plaintiff,

v.

SGT. MULRUDE,
SGT. COOK,
SHIFT LT.,
SHERIFF OF ARAPAHOE COUNTY,
DR. GROPE, and
DEPUTY FRED,

      Defendants.

_____

ORDER DIRECTING PLAINTIFF TO
FILE AMENDED PRISONER COMPLAINT

_____

At the time she initiated this action, Plaintiff, Jennifer M. Rose, was incarcerated

at the La Vista Correctional Facility in Pueblo, Colorado.  She has filed a *pro se*

Prisoner Complaint alleging that her constitutional rights have been violated.

The Court must construe the Prisoner Complaint liberally because Ms. Rose is a

*pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935

F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a pro se

litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the

Court will direct Ms. Rose to file an Amended Prisoner Complaint.

Ms. Rose asserts three claims.  As background for her claims, she alleges that

on June 22, 2011, while incarcerated at an Arapahoe County facility, she slipped on wet

stairs and hit the back of her head, twisted her ankle, and injured her back.  She further

asserts that the named defendants failed to assist her after the accident and failed to properly treat her injuries.  Ms. Rose alleges that her Eighth Amendment right to be free from cruel and unusual punishment has been violated, and she seeks damages in addition to injunctive relief.  However, Plaintiff fails to allege the personal participation of each named Defendant.

Plaintiff will be directed to amend her Complaint and assert personal participation by each named defendant.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Plaintiff must name and show how the named defendants caused a deprivation of her federal rights.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant, such as the Sheriff of Arapahoe County, may not be held liable on a theory of *respondeat superior* merely because of his or her supervisory position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

To state a claim in federal court, Plaintiff must explain in the Amended Complaint what each defendant did to her, when the defendant did the action, how the defendant's action harmed her, and what specific legal right she believes the defendant violated.  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  Accordingly, it is

ORDERED that **within thirty days from the date of this Order** Plaintiff file an Amended Prisoner Complaint that is in keeping with the instant Order.  It is

2

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Plaintiff fails to file an Amended Prisoner Complaint within the time allowed the Complaint and action will be dismissed without further notice.

DATED August 6, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge